In the Matter of ROBERT REED, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [779 NYS2d 826]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 21, 2003 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with, and found guilty of, violating the prison disciplinary rule that prohibits the possession of a weapon after a search of his cell uncovered a plastic knife which was sharpened toward the point. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court rejected petitioner's procedural claims and dismissed the petition. This appeal ensued.

Initially, we are unpersuaded by petitioner's assertion that he was improperly denied a photocopy of the log book entry. The employee assistant quoted the relevant log book information on the assistant form and it was given to petitioner. Although he was not given an actual photocopy of the log book, petitioner has established no prejudice in preparing a defense (*see Matter of Branch v Selsky*, 298 AD2d 744 [2002]).

Similarly, petitioner's contention that he was not timely served with the hearing disposition in accordance with 7 NYCRR 254.7 (a) (5) is belied by the record. Notwithstanding any discrepancies as to the time that petitioner received the disposition form, an affidavit from the Hearing Officer establishes that he personally served petitioner with the disposition shortly after the conclusion of the hearing, and petitioner's signature on the disposition sheet indicates that he received a copy thereof. Petitioner's remaining contentions, including that Supreme Court improperly considered an affidavit submitted by the Hearing Officer, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.