■ In the Matter of DAVID RATLIFF, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 614]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was observed throwing punches at an unidentified correctional employee during a melee involving numerous inmates and staff in the main yard at the correctional facility where he was incarcerated. He also ignored several direct orders to stop this activity and did not do so until two warning shots were fired. As a result, he was charged in a misbehavior report with assault, refusing a direct order and engaging in violent conduct. He was found guilty of these charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, we find that the misbehavior report, together with the testimony of the correction officer who

prepared it and witnessed petitioner's conduct, provide substantial evidence supporting the determination of guilt (see Matter of Walton v Goord, 290 AD2d 764, 764 [2002]; Matter of Kennedy v Lacy, 277 AD2d 625, 625 [2000]). Although the officer was initially unable to describe petitioner during his telephonic testimony at the disciplinary hearing, he later appeared at the hearing and positively identified petitioner as the individual he saw throwing punches at the staff member. Petitioner's defense that it was a case of mistaken identity presented a question of credibility for the Hearing Officer to resolve (see Matter of Cliff v Brady, 290 AD2d 895, 896 [2002], lv denied, lv dismissed 98 NY2d 642 [2002]). Furthermore, there is no merit to petitioner's claim that the Hearing Officer's reliance on the officer's identification of petitioner was arbitrary and capricious.

Cardona, P.J., Mercure, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.