■ In the Matter of GIOVANNI WHITE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [798 NYS2d 565]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Cor-

rectional Services which found petitioner guilty of violating certain prison disciplinary rules.

While being escorted from a prison dormitory, petitioner took a swing at an approaching correction officer. When the escort officer attempted to restrain petitioner, he ignored the officer's orders to stop struggling and resisted a pat frisk. With the assistance of the correction officer who was the target of the attack, the escort officer was finally able to place mechanical restraints on petitioner. He was thereafter charged in two misbehavior reports with assaulting staff, refusing a direct order and failing to comply with frisk and search procedures. Following a tier III disciplinary hearing, he was found guilty of all charges, and this CPLR article 78 proceeding eventually ensued.

We confirm. The misbehavior report, together with the testimony of the correction officers present during the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Ratliff v Goord*, 13 AD3d 772, 772-773 [2004], *lv denied* 4 NY3d 708 [2005]; *Matter of Perez v Goord*, 6 AD3d 774, 774-775 [2004]). Petitioner's testimony that it was he who was assaulted when he was removed from his cell presented a credibility issue for the Hearing Officer to resolve (*see Matter of Ratliff v Goord, supra* at 773; *Matter of Perez v Goord, supra* at 775). To the extent they are decipherable, petitioner's remaining claims either concern matters outside the present record or are without merit.

Cardona, P.J., Mercure, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.