■ In the Matter of COREY FORD, Petitioner, v JOSEPH SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [803 NYS2d 821]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of two incidents during which, among other things, petitioner threw hot oil in the face of a correction officer and then stabbed him three times, petitioner was charged with violating the prison disciplinary rules that prohibit assault on staff, possession of weapons, disobeying a direct order and demonstration. After a tier III disciplinary hearing, petitioner was found guilty of all charges except demonstration. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Contrary to petitioner's contention, the evidence presented at the hearing, including the three detailed misbehavior reports, the testimony of the correction officers who witnessed the incidents and the photographs of the weapon seized from petitioner, provide substantial evidence of his guilt (see Matter of Ratliff v Goord, 13 AD3d 772, 772-773 [2004], lv denied 4 NY3d 708 [2005]; Matter of Shelton v Goord, 10 AD3d 794, 795 [2004]). The Hearing Officer did not improperly deprive petitioner of his right to call witnesses by failing to locate an unidentified witness inasmuch as the record reveals that, had such testimony been procured, it would have been redundant as the Hearing Officer allowed more than 20 requested witnesses to testify at the hearing (see Matter of Hill v Selsky, 19 AD3d 64, 66 [2005]; Matter of Vigliotti v Duncan, 10 AD3d 776, 777 [2004], lv dismissed 4 NY3d 738 [2004]; Matter of Mulcahy v Selsky, 295 AD2d 663, 663-664 [2002]). Furthermore, as petitioner was allowed to review the injured correction officer's medical records and question the officer regarding his injuries, he was not prejudiced in preparing his defense by the Hearing Officer's refusal to call the correction officer's treating physician to testify regarding the correction officer's injuries or by being denied access to photographs of those injuries (see Matter of Reed v Selsky, 9 AD3d 710, 711 [2004], lv denied 3 NY3d 611 [2004]; Matter of Perez v Goord, 6 AD3d 774, 775 [2004]).

Although lengthy, the penalty of eight years of confinement to

the special housing unit was not so excessive as to shock our sense of fairness given the serious nature of petitioner's assault on a correction officer (*see Matter of Proctor v Coombe*, 234 AD2d 749, 751 [1996]). To the extent that they were preserved, petitioner's remaining contentions have been reviewed and determined to be without merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.