■ In the Matter of ALFONSO RIZZUTO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [825 NYS2d 592]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting the possession of outdated and/or excess medication. Petitioner commenced this proceeding challenging said determination, and we confirm.

The misbehavior report, hearing testimony and petitioner's admissions comprise substantial evidence in support of the determination of guilt (*see Matter of Calhoun v Goord*, 20 AD3d 628, 628 [2005]; *Matter of Scott v New York State Dept. of Corrections*, 18 AD3d 925, 925 [2005]). To the extent that petitioner offered innocent explanations and a retaliation defense, this created credibility issues for the Hearing Officer to resolve (*see Matter of Shell v Superintendent of Oneida Correctional Facility*, 18 AD3d 1044, 1044-1045 [2005]; *Matter of Hamilton v Selsky*, 13 AD3d 844, 845 [2004]). As for petitioner's contention that he was improperly denied the right to call witnesses, a review of the record reveals that he was permitted to call those witnesses he identified and whose testimony was not redundant (*see Matter of Jiminez v Selsky*, 29 AD3d 1246, 1247 [2006]; *Matter of Pettus v West*, 28 AD3d 907, 908 [2006]).

Petitioner's remaining arguments, which fail to comply with the mandates set forth in CPLR 5528, are indecipherable and, therefore, escape any meaningful appellate review.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.