■ In the Matter of SAMUEL BARHAM, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [838 NYS2d 273]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services and a determination of respondent Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

On November 10, 2005, petitioner left the infirmary without permission to use the telephone and ignored a correction officer's directives to return. Before leaving the infirmary, petitioner had moved the television without authorization and, when he returned, he engaged in a verbal confrontation with the officer over this matter. As a result, he was charged in a misbehavior report with creating a disturbance, interfering with an employee, refusing a direct order and violating facility movement regulations. Petitioner was found guilty of these charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal.

On November 11, 2005, a correction officer and nurse were attempting to check petitioner's health status and knocked on the door of the room where he was confined in the infirmary. Petitioner became irritated and a verbal exchange ensued during which petitioner kicked the door, shouted obscenities, used threatening language and ignored orders to be quiet. As a result, he was charged in a misbehavior report with making threats, creating a disturbance, refusing a direct order and engaging in harassment. Following a tier III disciplinary hearing, he was found guilty of all of the charges, except for the charge of harassment, and this determination was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.

We confirm. With respect to the first determination, the misbehavior report, together with petitioner's admissions that he disregarded the officer's order to return to his cell and moved the television without permission, provide substantial evidence supporting the determination of guilt (*see Matter of Rizzuto v Goord*, 35 AD3d 1075, 1075 [2006]; *Matter of Guerin v Miller*, 16 AD3d 799, 799 [2005]). Likewise, the second determination is supported by substantial evidence consisting of the misbehavior report and testimony of the correction sergeant who responded to the incident (*see Matter of Mahon v Goord*, 20 AD3d 837, 837 [2005], *appeal dismissed* 5 NY3d 879 [2005]; *Matter of White v Selsky*, 20 AD3d 786, 787 [2005]). Petitioner's claim that he was denied witnesses has not been preserved for our review (*see Matter of Tafari v Selsky*, 38 AD3d 1079, 1080 [2007]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.