# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 8, 2016                    522611

_____

In the Matter of DARIUS ASHLEY,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting              MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.

_____

Calendar Date:  October 25, 2016

Before:  McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ.

_____

        Darius Ashley, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in three misbehavior reports with
multiple prison disciplinary violations.  The first misbehavior
report charged him with assaulting staff, engaging in violent
conduct, disobeying a direct order, possession of a weapon,
possession of an altered item and failing to comply with search
procedures.  According to that misbehavior report, petitioner was
ordered to exit his cell for a cell search but, when the cell
gate was open, petitioner moved to the back of his cell, removed
an ice-pick-type weapon from his pocket and attacked the
correction officers, including stabbing one of them seven times.

In addition to the shank-type weapon used in the assault, a cutting-type weapon consisting of a flat piece of metal sharpened on one edge was found on petitioner's bed after he was subdued and placed in mechanical restraints. The second misbehavior report charged petitioner with possession of a weapon after a search of his cell following the assault incident revealed two sharpened toothbrushes inside a baby powder container. The third misbehavior report charged petitioner with possession of an authorized item in an unauthorized area and smuggling after he was placed on contraband watch and a butane lighter was found in his feces.

At a combined tier III disciplinary hearing, petitioner pleaded guilty to the charges contained in the second and third misbehavior reports. With regard to the first misbehavior report, petitioner pleaded guilty with an explanation to the weapons charge and not guilty to the remaining charges. Following the hearing, petitioner was found guilty of all nine charges. The determination was affirmed on administrative appeal with a modification of the penalty imposed. Petitioner then commenced this CPLR article 78 proceeding.

Initially, petitioner's plea of guilty to the charges in the second and third misbehavior reports and to the weapons charge in the first misbehavior report precludes him from challenging the sufficiency of the evidence supporting the determination with respect to those charges (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]). With regard to the remaining charges, the detailed misbehavior reports, supporting documentation, testimony at the hearing and petitioner's guilty pleas provide substantial evidence to support the determination of guilt (see Matter of Ford v Smith, 23 AD3d 874, 875 [2005], lv denied 6 NY3d 708 [2006]). Any alleged inconsistencies in the hearing testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [2016]; Matter of Hyatt v Fischer, 118 AD3d 1192, 1192 [2014]). Similarly, petitioner's explanation for engaging in violent conduct against the correction officers also presented a credibility issue for resolution by the Hearing Officer (see Matter of Dancy v Goord, 58 AD3d 922, 923 [2009]). Petitioner's contention that the Hearing Officer improperly

presided over the hearing because he was involved in the investigation of the incident is without merit.  The unusual incident report indicates that the Hearing Officer authorized that petitioner be placed on contraband watch, which has been held not to be a basis for disqualification of a Hearing Officer (see Matter of Perkins v Fischer, 78 AD3d 1355, 1356 [2010]).  We are unpersuaded by petitioner's contention that the penalty imposed was harsh and excessive.  Given the serious nature of the incident, evidence in the record that the assault was premeditated and petitioner's disciplinary history, we do not find that the imposition of 78 months and 16 days in the special housing unit is so shocking to one's sense of fairness so as to be excessive (see Matter of Rogers v Prack, 118 AD3d 1223, 1224-1225 [2014], lv granted 24 NY3d 916 [2015]; Matter of Ford v Smith, 23 AD3d at 875-876).

We have reviewed petitioner's remaining contentions, including that he was improperly denied documentary evidence and that the Hearing Officer was biased, and find them to be without merit.

McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court