■ In the Matter of INJAH TAFARI, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [831 NYS2d 603]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner failed to cooperate with correction officers while he was being placed in handcuffs and removed from his cell for an emergency sick call. During the incident, petitioner ignored a correction officer's directive to stop resisting, which, in turn, caused the officer's arm to be pulled into the cell door hatch and his body to strike the cell door. When petitioner was eventually removed from his cell, he spit at the officer. Petitioner was later charged in a misbehavior report with assaulting staff, engaging in violent conduct, refusing a direct order, interfering with an employee and committing an unhygienic act. At the conclusion of a tier III disciplinary hearing, he was found guilty of the charges, except for assaulting staff. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report provides substantial evidence supporting the determination of guilt (see Matter of Applewhite v Goord, 22 AD3d 985, 986 [2005]; Matter of Russell v Selsky, 22 AD3d 998, 999 [2005], lv dismissed 7 NY3d 750 [2006]). Contrary to petitioner's claim, we find that he was afforded meaningful employee assistance inasmuch as his assistant provided him with most of the documents requested (see Matter of Fernandez v Goord, 27 AD3d 806, 807 [2006]). Those documents that the assistant did not provide, which allegedly supported petitioner's retaliation defense, were properly the subject of petitioner's Freedom of Information Law request

(*see* Public Officers Law art 6). Petitioner's claim that he was improperly denied witnesses has not been preserved for our review.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.