■ In the Matter of JOSEPH SANDERS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [849 NYS2d 329]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During an interview conducted as part of an official investigation, petitioner represented that he had sexual relations with a female staff member of the correctional facility where he was incarcerated, but he later recanted this statement. As a result, on June 15, 2006, he was charged in a misbehavior report with interfering with an employee and making false statements. At

the conclusion of the ensuing tier III disciplinary hearing on July 14, 2006, which was completed following three extensions, petitioner was found guilty of the charges. The determination was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (*see Matter of Pulliam v Whitmore*, 24 AD3d 921, 922 [2005]). Petitioner's contrary testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Roye v Goord*, 34 AD3d 1134 [2006]). Moreover, we find no merit to petitioner's contention that the hearing was not completed in a timely manner because valid extensions were not obtained. The first extension was granted on June 29, 2006 due to petitioner's apparent transfer to a psychiatric facility and provided that the hearing was to be concluded within seven days of his return. Even if, as petitioner contends, he was returned to the correctional facility on June 29, 2006, the second extension was obtained on July 5, 2006, within the seven-day period specified in the first extension, and extended the hearing completion date to July 13, 2006. The third extension was obtained on July 13, 2006 and extended the completion date to July 14, 2006. The hearing was completed on July 14, 2006 and, while this was more than 14 days after the writing of the misbehavior report (*see* 7 NYCRR 251-5.1 [b]), it was nevertheless timely given that valid extensions were obtained and the hearing was completed within the time provided. "In any event, the time requirement set forth in 7 NYCRR 251-5.1 (b) is merely directory, and not mandatory, and there has been no showing by petitioner that he suffered any prejudice as a result of the delay" (*Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006] [citation omitted]).

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.