■ In the Matter of KENNETH PAGE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [883 NYS2d 626]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was observed fighting with other inmates in a prison recreation yard and charged in a misbehavior report with creating a disturbance, violent conduct, fighting and disobeying a direct order. He was found guilty of the former three charges following a tier III disciplinary hearing and a penalty was imposed. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, unusual incident report and testimony from officers present at the scene constitute substantial evidence of petitioner's guilt (*see Matter of Price v Goord*, 29 AD3d 1203, 1204 [2006]). Petitioner's contention that he was not involved in the fighting created a credibility issue for the Hearing Officer to resolve (*see Matter of Lashley v Goord*, 39 AD3d 1105, 1106 [2007]) and, to that extent, the Hearing Officer relied on videotape evidence which substantiated testimony from the author of the misbehavior report.

Petitioner's assertion that the misbehavior report failed to fulfill the particularity requirements of 7 NYCRR 251-3.1 is unavailing. "A misbehavior report is sufficient if it contains the date, time and place of the offense, identifies the disciplinary rule[s] alleged to have been violated and specifies the factual basis for the charge with enough particularity to enable the inmate to prepare a defense" (*Matter of Torres v Goord*, 261 AD2d 759, 759 [1999] [citation omitted]). Here, the misbehavior report complies with those requirements. Similarly unavailing

is petitioner's claim that the misbehavior report is defective because it was not endorsed by a correction officer who witnessed the fighting. Although that officer testified to petitioner's general location during the incident, he specifically stated that he did not observe petitioner throw a punch or fight. Consequently, petitioner suffered no prejudice from his failure to sign the misbehavior report (*see Matter of Spulka v Selsky*, 277 AD2d 552, 553 [2000], *lv denied* 96 NY2d 703 [2001]).

To the extent that they are properly before us, petitioner's remaining contentions have been reviewed and are determined to be without merit.

Peters, J.P., Spain, Kane, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.