■ In the Matter of ANTHONY WASHINGTON, Appellant, v DAVID NAPOLI, as Superintendent of Southport Correctional Facility, Respondent. [899 NYS2d 909]—

Appeal from a judgment of the Supreme Court (Cerio, Jr., J.), entered April 14, 2009 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in two misbehavior reports with various prison disciplinary rule violations. The first report arose out of an incident where petitioner refused to clean a cell as directed and verbally abused a correction officer. Following a tier II disciplinary hearing, petitioner was found guilty of refusing a direct order and harassment. The second misbehavior report was issued after petitioner remained asleep in his cell during an inmate count, notwithstanding an order to be standing or sitting. Following a separate hearing, he was found guilty of refusing a direct order and failing to follow facility count procedures. When petitioner's administrative appeals were unsuccessful, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. In the first disciplinary proceeding, the Hearing Officer appropriately precluded petitioner from introducing evidence related to why he was ordered to clean the cell, as such was irrelevant to the issue of his guilt or innocence (*see Matter of Pride v Cunningham*, 308 AD2d 649 [2003], *lv denied* 1 NY3d 505 [2003]; *Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). Nor does the record support petitioner's argument that the Hearing Officer refused to consider relevant evidence of mitigating circumstances (*see Matter of Miller v Goord*, 2 AD3d 928, 929-930 [2003]; *Matter of Cliff v Brady*, 290 AD2d at 896).

As for the second proceeding, the Hearing Officer readily stipulated to the existence of a prior grievance filed by petitioner against the correction officer who wrote the misbehavior report, and its absence from the record does not warrant reversal (*see Matter of Washington v Napoli*, 61 AD3d 1243, 1243 [2009], *lv denied* 13 NY3d 704 [2009]). Petitioner's remaining contentions are meritless.

Cardona, P.J., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.