■ In the Matter of KEVIN GENTLE, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [910 NYS2d 924]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was informed that he would be leaving the facility where he was incarcerated for a 10-day medical trip and was placed in a holding area while correction officers packed items from his cell. When petitioner came to believe that he was being taken for a court appearance rather than a medical trip, he became irate and objected in a loud and profane manner. Petitioner was given several direct orders to calm down, but he failed to comply. As a result, he was served with a misbehavior report and, after a tier III disciplinary hearing, was found guilty of creating a disturbance and refusing a direct or-

der. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report—authored by a correction officer who witnessed the incident—and the testimony adduced at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Weems v Fischer*, 75 AD3d 681, 682 [2010]; *Matter of McIver v Fischer*, 62 AD3d 1174 [2009]). Although petitioner argues that the testimony of the correction officers controverts the allegations in the misbehavior report, we note that these witnesses only interacted with petitioner in his cell before he was taken to the holding cell; by petitioner's own admission, they were not present at the holding cell where the behavior that gave rise to the misbehavior report occurred.

Petitioner's remaining arguments have been found to be unpreserved or without merit.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.