■ In the Matter of MITCHELL J. KALWASINSKI, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [915 NYS2d 333]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

When an inmate porter was brought on to the company to

clean water from the floor, petitioner, a prison inmate, doused him with a bucket of water from his cell. After the porter was removed from the company, petitioner urged other inmates to throw water on him if he returned, and told correction officers that if the porter were brought back on the company, he would get him again and that the officers could not stop him. As a result, petitioner was served with a misbehavior report charging him with committing an unhygienic act, disturbing facility order, demonstrating and making threats. Following a tier III disciplinary hearing, he was found guilty of all charges and that determination was affirmed on administrative review. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, videotape of the incident, testimony of the correction officers present on the company and petitioner's own admissions at the hearing provide substantial evidence to support the determination (*see Matter of Page v Fischer*, 64 AD3d 1067, 1067 [2009]; *Matter of Harvey v Woods*, 53 AD3d 944 [2008]). The Hearing Officer did not violate petitioner's due process rights by denying the admission of a videotape taken earlier on the day of the incident which purportedly showed the porter spraying petitioner and other inmates with a hose. The videotape was properly found to be irrelevant because, even crediting petitioner's version of the events that would have been depicted, that incident would not have excused his act of self help (*see Matter of Walker v Fischer*, 71 AD3d 1309 [2010], *appeal dismissed* 14 NY3d 912 [2010]; *Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). Likewise, the Hearing Officer did not err in refusing petitioner's request to call the sergeant on duty at the time of the incident, as the record demonstrates that he was not present and, thus, had no personal knowledge of the incident (*see Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]). Lastly, contrary to petitioner's contention, the determination of guilt flowed from the evidence presented, rather than any alleged hearing officer bias (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]).

Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P.J., Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.