██ In the Matter of Travis Darshan, Petitioner, v Officer Bango, Respondents. [920 NYS2d 739]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, asked a female correction employee for her assistance in using the computer. When she responded to his request, she found him masturbating in a chair with his pants unzipped and his genitals exposed. As a result, petitioner was charged in a misbehavior report with engaging in lewd conduct. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report provides substantial evidence supporting the determination finding petitioner guilty of engaging in lewd conduct (*see Matter of Johnson v Goord*, 42 AD3d 626, 627 [2007]; *Matter of Tafari v Selsky*, 38 AD3d 1079, 1079 [2007], *lv denied* 8 NY3d 816 [2007]). While petitioner denied any wrongdoing, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lynch v Fischer*, 76 AD3d 734, 735 [2010]; *Matter of LaFontant v Fischer*, 51 AD3d 1347, 1347 [2008]). Likewise, we are not persuaded that petitioner's claim of inadequate employee assistance has merit given that the testimony of petitioner's proposed witnesses was either irrelevant (*see Matter of Dennis v Bezio*, 82 AD3d 1398, 1399 [2011]; *Matter of Lozada v Cook*, 67 AD3d 1232, 1233 [2009], *lv denied* 14 NY3d 706 [2010]) or concerned a factual contention of petitioner that the Hearing Officer accepted at the hearing as true.

Peters, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.