■ In the Matter of ARTHUR RAY MONTGOMERY, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [923 NYS2d 918]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of engaging in a sexual act with

---

another inmate in violation of prison disciplinary rules following a tier III disciplinary hearing. Upon administrative review, this determination was upheld. Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination.

The misbehavior report, together with the testimony of the officer who prepared it, the confidential testimony and the documentary evidence, provide substantial evidence to support the determination of guilt (*see Matter of Rodriguez v Fischer*, 76 AD3d 1131, 1132 [2010]; *Matter of Smart v New York State Dept. of Correctional Servs.*, 75 AD3d 1017, 1017-1018 [2010]; *Matter of Sanders v Goord*, 47 AD3d 987, 988 [2008]). Petitioner's assertion that the misbehavior report was insufficient is unavailing. A review of the misbehavior report and the attached memoranda confirms the date, time and place of the incident and the disciplinary rules alleged to have been violated, and the factual basis for the charges are set forth with enough detail to notify petitioner of the charges and enable him to prepare a defense (*see Matter of Edwards v Leclaire*, 71 AD3d 1199, 1200 [2010]; *Matter of Page v Fischer*, 64 AD3d 1067, 1067 [2009]).

With regard to petitioner's claim that the hearing was not timely completed, the record indicates that a timely extension was obtained. In any event, the regulatory time limits are directory, not mandatory (*see Matter of Rodriguez v Fischer*, 76 AD3d at 1132; *Matter of Sanders v Goord*, 47 AD3d at 988). While the hearing transcript does contain gaps, it was not so deficient as to preclude meaningful review (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1551 [2010]; *Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]). Finally, the record reveals no bias on the part of the Hearing Officer and the determination was clearly based upon the evidence presented (*see Matter of Reese v Bezio*, 75 AD3d at 1030; *Matter of Smart v New York State Dept. of Correctional Servs.*, 75 AD3d at 1018).

Peters, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.