■ In the Matter of EDDISON GEORGE, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [927 NYS2d 168]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a search of petitioner's cell revealed certain prohibited documents, he was charged in a misbehavior report with possessing unauthorized Uniform Commercial Code materials, personal information belonging to other inmates and lien documents. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and the determination was affirmed

on administrative appeal, with a downward modification of the penalty. This CPLR article 78 proceeding ensued.

Initially, the misbehavior report, testimony of the correction officer who performed the cell search, other inmates' personal information and petitioner's admissions that he possessed certain Uniform Commercial Code documents, despite his awareness that they were prohibited by a recent rule change, provide substantial evidence to support the finding of guilt as to those charges (*see Matter of Kalwasinski v Bezio*, 79 AD3d 1568, 1569 [2010]; *Matter of Abreu v Bezio*, 78 AD3d 1341, 1341 [2010]). Petitioner's contention that he was permitted to possess the inmates' personal information in his capacity as a law clerk at the facility, with no evidence to substantiate his claim, raised an issue of credibility to be resolved by the Hearing Officer (*see Matter of Lovett v Smith*, 80 AD3d 1039, 1040 [2011]; *Matter of Kalwasinski v Bezio*, 80 AD3d 1068, 1069 [2011]).

However, we reach a different conclusion with regard to the charge of filing or recording of lien documents. The Hearing Officer viewed documents at the hearing—which were not included in the record before this Court—that apparently included two liens or security interests containing the names of prisoners other than petitioner and a Freedom of Information Law request submitted by petitioner. There is nothing in the record before us to substantiate the charge that petitioner actually filed or recorded a document that purported to create a lien or record a security interest in violation of 7 NYCRR 270.2 (B) (8) (iv) and, therefore, that part of the determination must be annulled (*see Matter of Dallas v Bintz*, 307 AD2d 561, 562 [2003]; *Matter of Bartley v New York State Dept. of Correctional Servs.*, 304 AD2d 933, 933 [2003]). Inasmuch as the penalty has already been served by petitioner and no loss of good time was recommended, we need not remit the matter for a redetermination of the penalty (*see Matter of Hernandez v Fischer*, 79 AD3d 1544, 1545 [2010], *lv denied* 16 NY3d 710 [2011]).

Spain, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of unauthorized lien documents; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.