■ In the Matter of JEMAL GITTENS, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [929 NYS2d 341]—

Following an incident in which a number of fights broke out in the prison yard, correction officers lined up inmates to be frisked and photographed. Petitioner made derogatory comments about this process in the presence of many other inmates and continued to do so despite directives by a correction officer to keep quiet. He finally stopped when another inmate suggested that he do so.

As a result of his actions, petitioner was charged in a misbehavior report with using abusive language, interfering with an employee, creating a disturbance and refusing a direct order. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the portion of the determination finding petitioner guilty of interfering with an employee is not supported by substantial evidence and must be annulled (*see Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]; *Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d 1058, 1058 [2011]). We reach a different conclusion, however, with respect to the remaining charges as the detailed misbehavior report provides substantial evidence supporting petitioner's guilt (*see Matter of Tafari v Selsky*, 38 AD3d 1079, 1079 [2007], *lv denied* 8 NY3d 816 [2007]; *Matter of Applewhite v Goord*, 22 AD3d 985, 986 [2005]). Contrary to petitioner's claim, the misbehavior report was sufficiently detailed to apprise him of the prohibited conduct, including his failure to comply with two orders of the correction officer to be quiet, so as to enable him to prepare a defense (*see* 7 NYCRR 251-3.1 [c] [1]; *Matter of Martin v Goord*, 37 AD3d 961, 962 [2007]). Accordingly, we annul only that part of the determination finding petitioner guilty of interfering with an employee and, inasmuch as a loss of good time was imposed, we remit the matter to the Commissioner of Correctional Services for a reassessment of the penalty on the remaining charges (*see Matter of Correnti v Fischer*, 83 AD3d 1354, 1355 [2011]; *Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1033 [2011]).

Mercure, J.P., Rose, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by

annulling so much thereof as found petitioner guilty of interfering with an employee and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner of Correctional Services for a redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.