■ In the Matter of JERMEL ARRINGTON, Petitioner, v D. VENETTOZZI, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [929 NYS2d 784]—

After a search of petitioner's cell revealed letters that included gang references, he was served with a misbehavior report charging him with possession of gang materials. Petitioner was found guilty of that charge following a tier III disciplinary hearing. That determination was affirmed on administrative appeal with a reduction in the penalty assessed. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The seized letters, along with the misbehavior report, petitioner's admissions during the hearing and the testimony of a correction officer specially trained to identify gang-related materials, provide substantial evidence of petitioner's guilt (see Matter of Flournoy v Bezio, 84 AD3d 1636, 1637 [2011]; Matter of Wheeler-Whichard v Fischer, 69 AD3d 1286, 1286 [2010]). Petitioner's assertion that his guilt is precluded by the fact that the letters had passed through the mailroom is

unavailing, as his possession of such gang-related material is clearly prohibited by the prison disciplinary rule regardless of how it came into his possession (see 7 NYCRR 270.2 [B] [6] [iv]; *Matter of Delos Santos v Goord*, 4 AD3d 709, 710 [2004]; *Matter of Johnson v Goord*, 260 AD2d 816, 817 [1999]). Finally, we find that the determination resulted from the evidence presented, rather than any alleged hearing officer bias (see *Matter of Montgomery v Fischer*, 84 AD3d 1666, 1667 [2011]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Spain, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.