■ In the Matter of Carlos Abreu, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, et al., Respondents. [930 NYS2d 301]—

Petitioner commenced this CPLR article 78 proceeding challenging two determinations—one rendered March 3, 2010 and the other March 9, 2010—finding him guilty of violating various disciplinary rules. Initially, we find, and the Attorney General concedes, that because petitioner raised an issue during the second hearing regarding his mental health status, it was error not to receive testimony concerning petitioner's mental condition (*see* 7 NYCRR 254.6 [c]). Therefore, the March 9, 2010 determination finding petitioner guilty of lewd conduct and refusing a direct order must be reversed and expunged from petitioner's institutional record.

Turning to the March 3, 2010 determination, the misbehavior report and petitioner's testimony that he was banging on the plexiglas cell shield with a bucket provide substantial evidence to support the determination finding petitioner guilty of creating a disturbance (*see Matter of Gentle v Bezio*, 78 AD3d 1398, 1399 [2010]; *Matter of Barham v Goord*, 42 AD3d 607, 608 [2007]). We reject petitioner's contention that the determination of guilt resulted from alleged hearing officer bias rather than the evidence presented (*see Matter of Black v Goord*, 12 AD3d 1005, 1006 [2004]). We have reviewed petitioner's remaining contentions, including that he was denied adequate assistance, and find them to be without merit.

Mercure, J.P., Lahtinen, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the March 9, 2010 determination is annulled, without costs, petition granted to that extent and respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record. Adjudged that the March 3, 2010 determination is confirmed, without costs, and petition dismissed to that extent.