■ In the Matter of RONNIE COLE, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [931 NYS2d 712]—

Petitioner, an inmate, sent a letter to his son who was incarcerated at another correctional facility. The letter, however, was not received by petitioner's son as it was deemed unauthorized and was returned. When it was later opened, the letter revealed that petitioner had put a hit on another inmate and requested his son to follow through. As a result, petitioner was charged in a misbehavior report with making threats and violating facility correspondence procedures. At the conclusion of a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author, petitioner's admission to writing the letter and the related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Cornwall v Fischer*, 73 AD3d 1367, 1368 [2010]; *Matter of Goldberg v Goord*, 11 AD3d 841, 841 [2004]). Petitioner's exculpatory explanation for the contents of the letter presented a credibility issue for the Hearing Officer to resolve (*see Matter of Alston v Goord*, 25 AD3d 852, 852 [2006]; *Matter of Wright v Goord*, 19 AD3d 855, 855 [2005], *lv denied* 5 NY3d 711 [2005]). In addition, while petitioner complains that the misbehavior report he received was not signed by the author, a signed copy of the report was produced at the hearing and its author did testify. Thus, any deficiency was remedied and petitioner has

not demonstrated that he was prejudiced (*see Matter of Rush v Bezio*, 79 AD3d 1548, 1549 [2010]; *Matter of Page v Fischer*, 64 AD3d 1067, 1068 [2009]). While petitioner further claims that he was denied the right to recall the author of the misbehavior report, the record does not disclose that he made such a request or, for that matter, that he requested any witnesses. Furthermore, upon reviewing the record, we are not persuaded that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Hernandez v Fischer*, 67 AD3d 1225, 1226 [2009]; *Matter of Haden v Selsky*, 57 AD3d 1056, 1057 [2008]). Petitioner's remaining arguments are either unpreserved for our review or are lacking in merit.

Rose, J.P., Lahtinen, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.