In the Matter of JESSIE J. BARNES, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [930 NYS2d 308]—

As correction officers were attempting to deliver property to petitioner in his prison cell, he became argumentative with them and then threw a clear liquid out of the feed-up hatch that struck officers in their chests and arms. The hatch was immediately closed, after which petitioner covered the window on his cell door with paper and refused several direct orders to remove it. A short time later, officers arrived to perform a cell search and, when petitioner refused to exit his cell, they performed an extraction during which petitioner kicked one officer in the leg and continuously struggled despite several direct orders to stop. As a result of the first incident, petitioner received a misbehavior report charging him with committing an unhygienic act, creating a disturbance, interference, making threats, violent conduct, harassment, refusing a direct order and obstructing visibility. With regard to the latter incident, petitioner was charged in a second misbehavior report with assault on staff, violent conduct, creating a disturbance, refusing a direct order and interference. A tier III disciplinary hearing was conducted with regard to both reports, after which petitioner was found guilty of all charges except making threats. That determination was affirmed on administrative appeal.

Subsequently, petitioner was served with a third misbehavior report charging him with refusing a direct order, violation of lock-in procedures and interference based on an unrelated incident in which he refused several direct orders to close the door to his exercise pen. He was found guilty of those charges following a tier III disciplinary hearing and that determination

was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding to challenge both determinations.

We confirm. With regard to the first two misbehavior reports, the reports themselves, videotapes of the incidents and supporting documentation provide substantial evidence to support the determination of guilt (*see Matter of Abreu v Fischer*, 83 AD3d 1348, 1348 [2011]; *Matter of Weems v Fischer*, 82 AD3d 1454, 1455-1456 [2011]). Regarding the third misbehavior report, the report, along with the videotape of the incident and petitioner's admissions during the hearing, constitute substantial evidence (*see Matter of Abreu v Fischer*, 83 AD3d at 1348; *Matter of Kalwasinski v Bezio*, 79 AD3d 1568, 1569 [2010]).

Turning to petitioner's procedural contentions, his claims that he was denied adequate tier assistance and his right to submit documentary evidence—based on the unavailability of a videotape of the search performed on his cell—are unavailing inasmuch as this evidence was irrelevant to the charges against him (*see Matter of Bornstorff v Bezio*, 73 AD3d 1397, 1398 [2010]; *Matter of Washington v Napoli*, 73 AD3d 1300 [2010]). Likewise, the Hearing Officer in the second tier hearing properly denied petitioner's requested inmate witness inasmuch as the witness could not see petitioner's cell and therefore could have no relevant information to offer (*see Matter of Canty v Esgrow*, 83 AD3d 1322, 1322 [2011], *lv denied* 17 NY3d 705 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]). Finally, we disagree with petitioner's claim that the determinations resulted from hearing officer bias and, instead, find that his guilt was established by the evidence presented at the hearings (*see Matter of Montgomery v Fischer*, 84 AD3d 1666, 1667 [2011]).

We have examined petitioner's remaining claims and, to the extent they are preserved for our review, find them to be without merit.

Peters, J.P., Spain, Rose, Stein and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.