In the Matter of JESSE J. BARNES, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [937 NYS2d 472]—

In a separate incident, petitioner was found guilty, following a tier II disciplinary hearing, of interference and refusing a direct order after he ignored several orders to turn in his razor before finally complying. After that determination was also affirmed administratively, petitioner commenced this CPLR article 78 proceeding to challenge both determinations.

We confirm. Initially, we note that petitioner has failed to advance any arguments in his brief with regard to the second determination finding him guilty of interference and refusing a direct order and, accordingly, his challenge to said determination is deemed abandoned (*see Matter of Raqiyb v Fischer*, 82 AD3d 1432, 1433 n [2011]; *Matter of Lamage v Bezio*, 74 AD3d 1676, 1676 [2010]).

To the extent that petitioner raises a substantial evidence

argument with respect to the first determination, the detailed misbehavior report and videotape of the incident provide the necessary quantum of proof, particularly where petitioner declined to request the testimony of the nurse involved when given the opportunity (*see Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]; *Matter of Kalwasinski v Fischer*, 87 AD3d 1207, 1207-1208 [2011]). Petitioner was not impermissibly denied his right to call an inmate witness inasmuch as the Hearing Officer accepted as true the proposed testimony, which rendered it redundant (*see Matter of Darshan v Bango*, 83 AD3d 1302 [2011]; *Matter of Perretti v Fischer*, 58 AD3d 999, 1001 [2009], *lv denied* 12 NY3d 709 [2009]). The record refutes petitioner's claim of hearing officer bias and, rather, demonstrates that the finding of guilt was premised on the evidence presented (*see Matter of Abreu v Fischer*, 87 AD3d 1241, 1242 [2011]). Nor do we find that, in light of all the circumstances, the severity of the penalty assessed is so excessive as to shock our sense of fairness (*see Matter of Faublas v Rock*, 85 AD3d 1519, 1520 [2011]). Petitioner's remaining contention that he was improperly excluded from the hearing before the rendering of the disposition has been examined and found to be without merit.

Peters, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.