■ In the Matter of SHATEEK AMIN BILAL, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [938 NYS2d 363]—

Initially, the Attorney General concedes, and we agree, that petitioner's mental health status was at issue with regard to the incident involving the razor and, therefore, the Hearing Officer erred in denying certain testimony regarding his mental condition (see 7 NYCRR 254.6; Matter of Abreu v Fischer, 87 AD3d 1241, 1241 [2011]). Accordingly, that part of the determination finding petitioner guilty of possession of a weapon and an altered item, interference and refusing a direct order must be

annulled and references thereto expunged from his institutional record (*see Matter of Abreu v Fischer*, 87 AD3d at 1242; *Matter of Platten v Bezio*, 73 AD3d 1419, 1419-1420 [2010]). We note that, because petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty (*see Matter of George v Bezio*, 85 AD3d 1469, 1470 [2011]; *Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]).

Turning to the remaining charges, we find that the misbehavior report, testimony from the correction officer who performed the search and authored the report, petitioner's admission that he possessed the drug Neurontin and testimony of a facility nurse that he was not authorized to do so provide substantial evidence to support the determination of guilt (*see Matter of Cole v New York State Dept. of Correctional Servs.*, 87 AD3d 1243, 1243 [2011]; *Matter of Arrington v Venettozzi*, 87 AD3d 1215, 1215 [2011]). Any discrepancies between the misbehavior report and the contraband receipt, as well as petitioner's claim that the charges were in retaliation for a federal lawsuit he filed, presented credibility issues to be resolved by the Hearing Officer (*see Matter of White v Fischer*, 87 AD3d 1249, 1250 [2011]; *Matter of Polite v Fischer*, 87 AD3d 1212, 1212 [2011]).

The remainder of petitioner's contentions have been either rendered academic or considered and determined to be unpreserved or without merit.

Mercure, A.P.J., Rose, Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of a weapon and an altered item, interference and refusing a direct order and imposed a penalty; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.