■ In the Matter of CURTIS CROSKERY, Petitioner, v THOMAS LAVALLEY, as Superintendent of Clinton Correctional Facility, Respondent. [940 NYS2d 693]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While performing a cell check, a correction sergeant noticed that petitioner had several pictures of semi-nude women openly displayed in his cell contrary to the policies of the correctional facility. Although inmates were allowed to possess these types of pictures, they were not permitted to display such photographs in open view. Petitioner had recently had pictures removed from his cell and had evidently decided to put up more in their place. As a result, he was charged in a misbehavior report with refusing a direct order, possessing an authorized item in an unauthorized area and possessing an altered item. Following a tier II disciplinary hearing, he was found guilty of the first two charges, but not of the last. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of refusing a direct order (*see Matter of Correnti v Fischer*, 83 AD3d 1354, 1355 [2011]; *Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]). We reach a different conclusion, however, with respect to the charge of possessing an authorized item in an unauthorized area. The misbehavior

report and testimony at the hearing clearly establish that petitioner was not permitted to display the pictures in the area where he did. Contrary to petitioner's claim, it was not necessary to produce the pictures at the hearing, as the misbehavior report and testimony provided substantial evidence of his guilt (*see Matter of Dawes v Venettozzi*, 87 AD3d 1219, 1220 [2011], *lv denied* 18 NY3d 803 [2012]; *Matter of Campisi v Goord*, 23 AD3d 730, 731 [2005]). Although we are annulling that part of the determination finding petitioner guilty of refusing a direct order, we need not remit the matter for a redetermination of the penalty since petitioner has already served the penalty and no loss of good time was imposed (*see Matter of Smith v Fischer*, 87 AD3d 1198, 1199 [2011]; *Matter of George v Bezio*, 85 AD3d 1469, 1470 [2011]).

Mercure, A.P.J., Peters, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.