■ In the Matter of REUBEN ROSS, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [948 NYS2d 695]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Correction officials received information about a fight among inmates and, through an investigation, learned that petitioner had been involved. Petitioner was examined and found to have wounds on each shoulder. As a result, he was charged in a misbehavior report with fighting and failing to report an injury. Petitioner was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, the misbehavior report was sufficiently particular to apprise him of the charges and enable him to prepare a defense (*see Matter of Page v Fischer*, 64 AD3d 1067, 1067 [2009]; *Matter of Umoja v Bezio*, 64 AD3d 1066, 1066-1067 [2009]). Turning to the merits, petitioner's plea of guilty to the charge of failing to report an injury precludes him from challenging the sufficiency of the evidence supporting this charge (*see Matter of Cruz v Walsh*, 87 AD3d 1234, 1234 [2011]; *Matter of Anthony v Fischer*, 81 AD3d 1027, 1027 [2011]). As for the charge of fighting, however, respondent concedes, and we agree, that the record does not contain substantial evidence supporting this charge as there were no witnesses who actually observed petitioner engaged in a fight (*see Matter of Gittens v New York State Dept. of Correctional Servs.*, 87 AD3d 1194, 1195 [2011]; *Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]). Thus, the determination must be annulled with respect to this charge, but the matter need not be remitted for a reassessment of the penalty given that no loss of good time was imposed and petitioner has already served the penalty (*see Matter of Flournoy v Bezio*, 84 AD3d 1636, 1637 [2011]; *Matter of Benvenutti v Fischer*, 67 AD3d 1105, 1105 [2009]).

Mercure, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of fighting; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.