Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
After petitioner allegedly admitted to a correction officer that he created new password-protected accounts on a law libraiy computer without prior authorization, he was charged in a misbehavior report with refusing a direct order, loss or damage to state property and tampering with state property. He was found guilty of refusing a direct order and tampering with state property following a tier III disciplinary hearing. The determination was upheld on administrative appeal, prompting the commencement of this CPLR article 78 proceeding.
Initially, the Attorney General concedes, and we agree, that the part of the determination finding petitioner guilty of refusing a direct order must be annulled and references thereto expunged from petitioner’s institutional record (see Matter of *783 Bilal v Fischer, 92 AD3d 1046, 1046-1047 [2012]; Matter of Abreu v Fischer, 87 AD3d 1241, 1242 [2011]). Inasmuch as petitioner has already served the penalty and no loss of good time was imposed, there is no need to remit the matter for a re-determination of the penalty (see Matter of Croskery v LaValley, 93 AD3d 1055, 1056 [2012]).
Turning to the remaining charge of tampering with state property, we find that the detailed misbehavior report, combined with the testimony from the correction officer who authored it, provide substantial evidence supporting the determination of guilt (see Matter of Berry v Fischer, 78 AD3d 1411, 1412 [2010]; Matter of Tusa v Bezio, 70 AD3d 1159 [2010]). Although petitioner presented an exculpatory version of the incident, this created a credibility issue for the Hearing Officer to resolve (see Matter of Cole v New York State Dept. of Correctional Servs., 87 AD3d 1243, 1243 [2011]).
The remaining issues raised by petitioner, including his claim that the determination was internally inconsistent, have been examined and found to be unpersuasive.
Peters, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed.