■ In the Matter of LEROY JAMISON, Petitioner, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [950 NYS2d 797]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

In connection with petitioner's admission to the special housing unit, his property was searched, placed in a storage bin and secured in the property room. When petitioner was being processed for transfer out of the special housing unit, a state-issued jacket, which had been removed from petitioner's bin and placed on a hook outside his cell, was searched and $610 was found secreted in the lining. As a result, petitioner was charged in a misbehavior report with smuggling and possessing contraband. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]; *Matter of Dexter v Goord*, 43 AD3d 516, 517 [2007]). While petitioner maintained that the jacket was not his, the correction officer who collected the property from the property room stated that he distributed it in accordance with a list he made of property retrieved from the bins, which were clearly marked with the inmates' cell numbers, and that he obtained the jacket in question from a bin bearing petitioner's cell number. Thus, any conflict in the testimony presented a question of credibility for the Hearing Officer to resolve (*see Matter of Bosquet v Bezio*, 69 AD3d 1257, 1257-1258 [2010]; *Matter of Figueroa v Selsky*, 49 AD3d 1059, 1059 [2008], *lv denied* 10

NY3d 714 [2008]). Furthermore, under the circumstances presented, we do not find the penalty so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Barnes v Prack*, 92 AD3d 990, 991 [2012]; *Matter of Taylor v Fischer*, 89 AD3d 1298, 1299 [2011]).

Peters, P.J., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.