In the Matter of ANSON WHITTED, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [954 NYS2d 278]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (trans-

ferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding seeking to challenge a tier III disciplinary determination finding him guilty of violating a total of five prison disciplinary rules set forth in two separate misbehavior reports issued after petitioner engaged in a fight with another inmate. Specifically, the first misbehavior report, dated March 29, 2011, charges petitioner with fighting, violent conduct and disobeying a direct order. The second misbehavior report, issued shortly after the first, charges that petitioner violated the prison disciplinary rules prohibiting assault of an inmate and use of a weapon. A hearing was held, after which the determination of guilt as to both misbehavior reports was affirmed upon petitioner's administrative appeal.

Initially, we note that petitioner acknowledges that his plea of guilty to the three charges in the first misbehavior report precludes him from any challenge to the sufficiency of the evidence supporting those charges (see Ross v Prack, 95 AD3d 1579, 1580 [2012]). As for the second misbehavior report, we first note that, with respect to the charge of use of a weapon, the Attorney General concedes, and we agree, that the finding of guilt as to this charge should be annulled and all references thereto expunged from petitioner's institutional record (see Matter of Bilal v Fischer, 92 AD3d 1046, 1046-1047 [2012]).

Likewise, the remaining charge of assault of an inmate contained in the second misbehavior report must also be annulled. Notably, the charges in the second misbehavior report were premised on allegations that petitioner assaulted the other inmate involved in the altercation by injuring him with a "cutting type weapon" that was not recovered. Petitioner sought the testimony of various witnesses for his defense, including that of the inmate he fought with as well as an inmate eyewitness. While petitioner maintained in his administrative appeal that both of these witnesses gave testimony directly relevant to his defense, the hearing transcript completely excludes the testimony of one witness and provides only sporadic and scattered words or phrases from the other. Accordingly, we cannot agree with respondents' contention that the transcript was adequate for purposes of providing meaningful appellate review (see e.g. Matter of Maldonado v New York State Dept. of Correctional Servs., 96 AD3d 1253, 1254 [2012]).

Additionally, when the author of the second misbehavior

report initially appeared at the hearing, the Hearing Officer agreed with petitioner's request for him to be brought back to testify and answer petitioner's questions after petitioner received certain of his requested paperwork. Although respondents maintain that petitioner thereafter waived his request to question that witness, it is not clear from our review of the record that such a waiver with respect to this particular witness occurred, leaving in doubt whether petitioner was properly afforded his constitutional right to call a relevant witness. Accordingly, we conclude that expungement of the remaining charge in the second misbehavior report is the appropriate remedy (*see Matter of Brown v Fischer*, 76 AD3d 1132, 1133 [2010]). Moreover, since a loss of good time was imposed as the penalty for all charges, including those in the second misbehavior report, we must remit the matter for a redetermination of the penalty as to the sustained charges set forth in the first misbehavior report (*see Matter of Linnen v Prack*, 92 AD3d 986, 987 [2012], *lv dismissed* 20 NY3d 905 [2012]).

In light of our holding, petitioner's remaining contentions have been rendered academic.

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much there as found petitioner guilty of use of a weapon and assault on an inmate; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.