*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                    517830
_____

In the Matter of BOGDAN GREN,
                    Petitioner,

           v                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   June 9, 2014

Before:  Peters, P.J., McCarthy, Rose, Egan Jr. and Lynch, JJ.

_____

        Bogdan Gren, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        During a visit with his wife, petitioner was observed on facility video taking an object out of his mouth and putting it in his pants, in a motion consistent with placing the object in his rectum.  Petitioner was thereafter charged in a misbehavior report with smuggling and failing to comply with facility visitation procedures.  Following a tier III disciplinary hearing, he was found guilty as charged and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, hearing testimony and the documentary evidence, including the signed statement of petitioner's wife to the State Police admitting to smuggling pills into the facility for petitioner, provide substantial evidence supporting the determination of guilt (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]; Matter of Quartieri v New York State Dept. of Correctional Servs., 70 AD3d 1071, 1072 [2010]), despite the fact that no contraband was discovered (see Matter of Padilla v Fischer, 76 AD3d 742, 742 [2010], lv denied 15 NY3d 714 [2010]; Matter of Spulka v Goord, 12 AD3d 1004, 1005 [2004]). Petitioner's denial of the charges and his wife's testimony that her statement to the police was coerced raised credibility issues for the Hearing Officer to resolve (see Matter of Carrero v Fischer, 106 AD3d 1299, 1299 [2013]).

Petitioner's procedural challenges are unpersuasive. The record demonstrates that the hearing was commenced and completed in a timely manner and that the proper extensions were obtained (see Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]; Matter of Jones v Fischer, 101 AD3d 1197, 1197 [2012]). Further, petitioner was not improperly denied documentary evidence in the form of an X-ray report or the testimony of the technician who performed the X ray, as the Hearing Officer acknowledged that petitioner's X ray was negative for contraband, making the requested report and testimony redundant (see Matter of White v State of New York, 102 AD3d 1042, 1043 [2013]; Matter of Darshan v Bango, 83 AD3d 1302, 1302 [2011]). Petitioner's remaining claims have been considered and found to be without merit.

Peters, P.J., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court