Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
 

 During a search of petitioner’s cell, a correction officer found documents related to a motorcycle club, including insignia and handwritten bylaws and rules. A different correction officer identified the materials as unauthorized gang materials, and petitioner was thereafter charged in a misbehavior report with possessing gang-related material. After a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, the seized documents, petitioner’s admission that he possessed the documents and the testimony of a correction officer trained to identify gang materials provide substantial evidence supporting the determination of guilt (see Matter of McMaster v Annucci, 138 AD3d 1289, 1289 [2016], lv denied 28 NY3d 902 [2016]; Matter of Torres v New York State Dept. of Corr. & Community Supervision, 130 AD3d 1122, 1122 [2015]). Contrary to petitioner’s contention, his guilt is not precluded by the fact that some of the seized materials passed through the facility mailroom (see Matter of Chandler v Annucci, 121 AD3d 1142, 1143 [2014], lv denied 25 NY3d 901 [2015]; Matter of Arrington v Venettozzi, 87 AD3d 1215, 1215-1216 [2011]). Further, by failing to renew his request to examine the seized materials, petitioner waived any objection as to reviewing those materials (see Matter of Dancy v Goord, 58 AD3d 922, 923 [2009]; Matter of Gray v Selsky, 37 AD3d 890, 890 [2007]). In addition, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any bias (see Matter of DeJesus v Venettozzi, 145 AD3d 1275, 1276 [2016], lv denied 29 NY3d 908 [2017]; Matter of Safford v Annucci, 144 AD3d 1271, 1272-1273 [2016], lv denied 29 NY3d 901 [2017]). Petitioner’s constitutional challenge to the rule against possessing gang-related material is raised for the first time in his brief and is, therefore, unpreserved for our review (see Matter of Bottom v Annucci, 26 NY3d 983, 985 [2015]). Petitioner’s remaining contentions have been examined and are without merit.
 

 McCarthy, J.P., Garry, Rose, Devine and Aarons, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.