■ In the Matter of ASHTON NEDRICK, Petitioner, v JAMES STINSON, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [693 NYS2d 680] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II hearing petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit inmates from refusing a direct order and unauthorized exchange.* According to the misbehavior report petitioner, a law library runner, after being ordered by the correction officer supervising gallery B-8 to refrain from accepting or passing any items "from one gallery to another or from one inmate to another", was observed by this same correction officer accepting an envelope from "26 cell", placing it on his cart and taking it to the B-7 gallery. Petitioner's guilt as to these charges was affirmed upon his administrative appeal, prompting him to commence this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's argument, we conclude that the misbehavior report, combined with the testimony adduced at the hearing, provide substantial evidence of his guilt (see, *Matter of Foster v Coughlin*, 76 NY2d 964, 966). We also reject petitioner's contention that he was denied the right to call witnesses because the Hearing Officer failed to call as a witness the correction officer supervising the B-7 gallery, who

---

* We note that petitioner mentions in his brief for the first time that the misbehavior report mistakenly states that petitioner violated rule "113.15 contraband" when it should state "113.25 unauthorized exchange" (see, 7 NYCRR 270.2 [B] [14] [vi], [xvi]). Assuming, arguendo, that this claim is properly before us, we would find the error harmless because the correct rule violation was stated and contained in the description of the incident. This information was sufficient to give petitioner notice and enable him to prepare a defense (see, *Matter of Mays v Goord*, 243 AD2d 882, 883).

petitioner claims would have testified that the subject envelope was not confiscated in the precise manner described by the reporting correction officer. Petitioner has, however, failed to demonstrate how this testimony was relevant (*see, Matter of Harris v Selsky*, 236 AD2d 723, 724), as the subject violations occurred when the envelope was accepted by petitioner while he was still on the B-8 gallery. Significantly, petitioner admitted accepting an envelope from the inmate from 26 cell, and this inmate confirmed such testimony and admitted that it was his envelope that was discovered later on a different gallery. Although exculpatory explanations for this behavior were given, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). Petitioner's remaining assertions have been examined and found to be unpersuasive.

Cardona, P. J., Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.