■ In the Matter of JOSEPH A. ROSS, Petitioner, v MICHAEL BLAINE, as Correction Officer, Clinton Correctional Facility, et al., Respondents. [698 NYS2d 564] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of verbally harassing a correction officer and refusing a direct order to lock-in his cell. According to the misbehavior report, petitioner became verbally abusive after the reporting correction officer asked if he had any medical documentation to support his claim that he had to leave the exercise yard whenever it rained.* The correction officer then ordered petitioner to return to his cell block "and go immediately to his cell", however, petitioner refused to comply and continued his verbal tirade. Petitioner's administrative appeal of the determination of guilt was unsuccessful. This proceeding ensued and we confirm.

The detailed misbehavior report combined with the testimony of the reporting correction officer and other correction officers

---

* It was explained at the hearing that petitioner wears metal braces and also wears an electrical device that emits an electric impulse current.

who witnessed these events provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Petitioner, as a prison inmate, was required to obey all orders even if he disagreed with them (*see, Matter of El-Shabazz v Selsky*, 257 AD2d 937; *Matter of McMillian v Goord*, 252 AD2d 645). We find no reason to disturb the Hearing Officer's credibility determination and we also reject petitioner's claim that he was denied the right to call a certain witness in that petitioner failed to establish the relevance of the proposed testimony (*see, Matter of Nedrick v Stinson*, 263 AD2d 651). Finally, the record demonstrates that all hearing extensions were properly authorized, thus, the hearing was not untimely held (*see*, 7 NYCRR 251-5.1; *Matter of Chappelle v Coombe*, 234 AD2d 779, 780).

Cardona, P. J., Mikoll, Yesawich Jr., Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.