■ In the Matter of ELVIN BORRERO, Appellant, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [701 NYS2d 731] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered

August 20, 1998 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, challenges the determination finding him guilty of assaulting a staff member. Petitioner contends that his assistant's failure to interview a witness constituted inadequate employee assistance. Inasmuch as the witness who petitioner contends his assistant failed to interview testified at the hearing, petitioner has failed to demonstrate that he was prejudiced by any alleged deficiencies (*see, Matter of Faison v Goord*, 254 AD2d 658, *appeal dismissed and lv denied* 93 NY2d 827).

We also reject petitioner's contention that he was denied the right to call witnesses because the Hearing Officer failed to call a particular correction officer as a witness. Petitioner has failed to demonstrate how this testimony was relevant (*see, Matter of Nedrick v Stinson*, 263 AD2d 651) to the alleged incident. Petitioner also failed to establish that the correction officer's testimony would offer nonredundant or material information to that evidence and testimony already received (*see, Matter of Shapard v Coombe*, 245 AD2d 982).

Likewise, we find no merit to petitioner's contention that the missing first half of the transcript warrants an annulment of the administrative determination. Although a substantial portion of the transcript is missing, petitioner does not argue on appeal that the underlying determination is not supported by substantial evidence and, in any event, the missing testimony is not relevant to the issues before us (*see, Matter of Gold v Masse*, 256 AD2d 981, *lv denied* 93 NY2d 803). Therefore, since the "alleged missing information is neither material to the determination nor of such significance as to preclude meaningful review", annulment is not warranted (*Matter of Rodriguez v Coughlin*, 167 AD2d 671).

Mercure, J. P., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.