■ In the Matter of KEVIN PEOPLES, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [822 NYS2d 824]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating prison disciplinary rules that prohibit attempting to assault staff, interference with an employee and conduct involving a threat of violence. According to the misbehavior report, petitioner was pushing a cart of dirty dishes from the mess hall into the kitchen area when he informed a correction officer that he was unable to fit the cart through the door. When the correction officer told petitioner that no other inmates had a problem getting through the door and that he should try again, petitioner rolled his eyes and intentionally ran the cart into the door. The correction officer then issued petitioner a direct order to try it again without hitting the door. Petitioner backed up and proceeded to push the cart directly at the correction officer in what was described as a "blatant attempt" to run the cart into the correction officer's leg. Following a disciplinary hearing, petitioner was found guilty of attempting to assault staff and interference with an employee. The determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

The misbehavior report and corroborating testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Larkins v Goord*, 27 AD3d 810 [2006]; *Matter of Goncalves v Donnelly*, 9 AD3d 721 [2004]; *Matter of Bonez v Senkowski*, 265 AD2d 713 [1999]). Although petitioner contends that he did not intentionally try to strike the correction officer and that the misbehavior report is fabricated, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Black v Goord*, 12 AD3d 1005, 1006 [2004]). Furthermore, although petitioner was charged with the offense of attempted assault, it is nevertheless punishable to the same degree as the completed offense (*see* 7 NYCRR 270.3 [b]). Petitioner's remaining contentions, including his claim of hearing officer bias and challenge to the penalty imposed, are not preserved for our review inasmuch as he failed to raise them at the hearing or on administrative appeal (*see Matter of Cunningham v Selsky*, 29 AD3d 1254, 1255 [2006]).

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.