■ In the Matter of OTIS BRIDGEFORTH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [891 NYS2d 671]—

Petitioner, an inmate, informed a correction officer that his cellmate had just threatened him with a razor tied to a rope. The correction officer then frisked petitioner's cellmate, but found no razor on him, and a search of the cell revealed that the cellmate's razor, with the blades intact, was in his shower bag. Petitioner was charged in a misbehavior report with lying and refusing a double bunk assignment. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. Upon administrative appeal, respondent modified the determination by dismissing the refusing a double bunk assignment charge and reduced the penalty imposed, but otherwise affirmed the determination. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author, provide substantial evidence supporting

the determination of guilt (*see Matter of Sanders v Goord*, 47 AD3d 987, 988 [2008]). Contrary to petitioner's contention, there is no support in the record for his allegations that the Hearing Officer was biased or had predetermined his guilt, nor is there any indication that the determination flowed from such alleged bias (*see Matter of Abdullah v Goord*, 36 AD3d 978, 979 [2007]). Moreover, the Hearing Officer properly considered petitioner's mental health status by taking the confidential testimony of a representative from the mental health unit (*see Matter of Triplett v Fischer*, 54 AD3d 1075, 1076 [2008]). Petitioner's remaining contentions, including that the Hearing Officer was not appropriately designated to conduct the hearing, are unpreserved for our review.

Cardona, P.J., Mercure, Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.