In the Matter of Osmond K. Brown, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [903 NYS2d 541]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After petitioner was found to be in possession of gambling paraphernalia, his cell was searched and more such contraband was found. Petitioner refused to speak with a correction sergeant about the incident and the sergeant directed that he be frisked, placed in mechanical restraints and escorted to the special housing unit. The correction officer who frisked and handcuffed petitioner asked him what had happened, but petitioner refused to explain and began moving around the area. When the officer directed him to stop, he responded, "whats [*sic*] the matter you scared." Inasmuch as other inmates were moving into the area from the mess hall, the correction officer again ordered petitioner to stand still. Petitioner responded, "[t]ake these cuffs off me and we'll see tough guy." As a result, he was charged in a misbehavior report with refusing a direct order and making threats. Following a tier III disciplinary hearing, he was found guilty of the latter charge. The determination was subsequently affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who authored it and that of the other correction officer and sergeant involved in the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Singh v Bezio*, 67 AD3d 1223 [2009]; *Matter of Peoples v Selsky*, 33 AD3d 1179, 1180 [2006]). Notably, the author of the misbehavior report stated that he was unfamiliar with the reason why petitioner was handcuffed and, given that there may have been a fight and that other inmates were moving into the area from the mess hall, he perceived petitioner's comment as a threat. The minor inconsistencies between the author's testimony and the misbehavior report presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lopez v Selsky*, 28 AD3d 968, 968 [2006]). Therefore, we find no reason to disturb the determination of guilt.

Petitioner's remaining claim is not properly before us.

Mercure, J.P., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.