██ In the Matter of JOSE HERNANDEZ, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [902 NYS2d 688]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review three determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On May 18, 2008, petitioner was charged in a misbehavior report with failing to comply with facility correspondence procedures, providing medication to another, smuggling and misuse of state property. Following a tier III disciplinary hearing, he was found guilty as charged. On May 22, 2008, petitioner was charged in a misbehavior report with attempted assault, refusing a direct order and violent conduct. Following a tier III hearing, petitioner was found guilty as charged. On May 26, 2008, petitioner was charged in a misbehavior report with refusing a direct order, failing to follow urinalysis testing procedures and engaging in lewd conduct. The charges of refusing a direct order and failing to follow testing procedures were subsequently administratively dismissed. Following a tier III disciplinary hearing, petitioner was found guilty of engaging in lewd conduct. After petitioner exhausted his administrative

remedies involving all three determinations, he commenced this CPLR article 78 proceeding.*

We confirm. With regard to the determination associated with the charges brought in the May 18, 2008 misbehavior report, the report, together with petitioner's admission that he had sent prescription medication through the mail to his father, provide substantial evidence in support of the determination of guilt (*see Matter of Johnson v Fischer*, 67 AD3d 1138, 1139 [2009]). Contrary to petitioner's contention, the correctional facility had the authority to search the envelope, as it was returned to the facility by the US Postal Service due to an illegible address (*see* 7 NYCRR 720.4 [k]; *Matter of Tankleff v Senkowski*, 3 AD3d 621, 622 [2004], *lv denied* 2 NY3d 703 [2004]). Additionally, there is no support in the record for petitioner's contention that he made his admissions at the hearing pursuant to an agreement he had made with the Hearing Officer prior to the hearing (*see Matter of Allen v Goord*, 10 AD3d 742, 742 [2004]).

Regarding the determinations as to the charges brought in the May 22, 2008 and May 26, 2008 misbehavior reports, we conclude that the reports, together with the hearing testimony of the authors and other correction officers present during the incidents, support the determinations of guilt (*see Matter of Fish v Burge*, 52 AD3d 1141, 1141 [2008]). Petitioner's contradictory testimony regarding the May 22, 2008 report—that he was physically unable to assault the correction officers due to the fact that he required the use of a wheelchair and the officers were the aggressors—presented a credibility issue for the Hearing Officer to resolve (*see Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). Further, we reject petitioner's contention that he was denied the right to call his treating physician as a witness, inasmuch as the witness had no direct knowledge of the incident and any testimony as to petitioner's physical capabilities would have been redundant in light of petitioner's testimony that he was able to get out of his wheelchair and move around by his own power (*see Matter of Brown v Taylor*, 62 AD3d 1230, 1231 [2009]). Finally, petitioner's claims of ineffective employee assistance at the disciplinary hearings are neither substantiated by the record nor is it indicated that petitioner suffered any prejudice (*see Matter of Boley v Selsky*, 50 AD3d 1411, 1412 [2008]).

---

* Petitioner also challenges an alleged determination finding him guilty of harassment following a tier II disciplinary hearing held July 18, 2008. Respondent indicates that there is no evidence of such a determination and our review of petitioner's prison disciplinary history finds no such violation recorded.

Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.