■ In the Matter of CHRISTIAN BALLOU, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [915 NYS2d 410]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, had an item stolen from his "cube" and allegedly enlisted other inmates, affiliated with a gang, to help him recover it. Although the property was returned, petitioner did not inform the gang members before they confronted the alleged thief in the yard, leading to a disturbance and subsequent confrontation with petitioner. As a result, petitioner was issued the first of two misbehavior reports at issue in this proceeding, charging him with fighting, violent conduct, causing a disturbance, gang activity and assault on an inmate. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. In addition, while being escorted by a correction officer to be interviewed about the events giving rise to the charges, petitioner became loud and disorderly. Petitioner ignored several direct orders to keep quiet and stated to the officer, "you don't know who you['re] talking to, you better check my record." As a result, petitioner received a second misbehavior report, and was found guilty following a tier III disciplinary hearing of refusing a direct order and making threats. His administrative appeals proved unavailing, and petitioner commenced this CPLR article 78 proceeding to challenge the determinations.

Initially, respondent concedes that the charge of fighting contained in the first misbehavior report is not supported by substantial evidence and, therefore, must be annulled (see Matter of Valentino v Bezio, 72 AD3d 1376, 1376 [2010]; Matter of Argentina v Bezio, 69 AD3d 1287, 1288 [2010], lv denied 14 NY3d 709 [2010]). Furthermore, because a loss of good time was recommended, the matter must be remitted to respondent for a redetermination of the penalty (see Matter of Platten v Bezio, 73 AD3d 1419, 1420 [2010]; Matter of Argentina v Bezio, 69 AD3d at 1288).

With regard to the remaining charges contained in the first misbehavior report, the report itself, the testimony of the correction officer who authored the report, the supporting documentation and the confidential information considered

provide substantial evidence to support the determination (*see Matter of Elliott v Fischer*, 73 AD3d 1366, 1366-1367 [2010]; *Matter of Hill v Fischer*, 69 AD3d 1103, 1103 [2010]). Contrary to petitioner's contention, the Hearing Officer properly assessed the reliability of the confidential informants by making sufficient inquiry of the correction officers who received the information (*see Matter of Sanders v Haggett*, 72 AD3d 1372, 1373 [2010]; *Matter of Farrow v Prack*, 57 AD3d 1065, 1065 [2008], *lv denied* 12 NY3d 704 [2009]). A differing version of events offered at the hearing presented a credibility issue to be resolved by the Hearing Officer (*see Matter of Perez v Bezio*, 76 AD3d 1134 [2010]).

Turning to the second misbehavior report, the determination of guilt is supported by substantial evidence in the form of the report itself and the testimony of its author, the correction officer involved in the incident (*see Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]; *Matter of Brown v Fischer*, 72 AD3d 1320, 1321 [2010]). The slight inconsistency in the timing of events as related by the correction officer raised another credibility question to be resolved by the Hearing Officer (*see Matter of Valentino v Bezio*, 72 AD3d at 1377). Finally, the record reveals that the determination of guilt resulted from the evidence presented against petitioner, rather than any alleged hearing officer bias (*see Matter of Lamphear v Fischer*, 76 AD3d 1166, 1166 [2010]; *Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]).

We have examined petitioner's remaining contentions and have found them to be either unpreserved or without merit.

Mercure, J.P., Peters, Rose, Stein and Garry, JJ., concur. Adjudged that the June 9, 2009 determination is modified, without costs, by annulling so much thereof as found petitioner guilty of fighting and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed. Adjudged that the June 15, 2009 determination is confirmed, without costs, and petition dismissed to that extent.