■ In the Matter of WILSON MAYO, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [918 NYS2d 676]—

Upon exiting the prison visiting room, petitioner, a prison inmate, was required to submit to a standard strip frisk. Following the frisk, the correction officer who performed it requested petitioner's identification and, as petitioner was handing it to him, he grabbed the officer's baton. The officer pulled back, after which petitioner struck him in the jaw with a clenched fist and was, thereafter, subdued. As a result, petitioner was charged in a misbehavior report with assaulting staff and violent conduct and, following a tier III disciplinary hearing, was found guilty of both charges. Petitioner's administrative appeal was unavailing, and he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Petitioner's contention that he was improperly denied the right to call certain witnesses is unpersuasive. With regard to the two correction officers stationed in the visiting room, their testimony was properly denied in that they were not present and, therefore, had no direct knowledge about the incident (*see Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]; *Matter of Williams v Fischer*, 69 AD3d 1278, 1278-1279 [2010]). As for the correction officer who pat-frisked petitioner on the way into the visiting room, we cannot say, under the circumstances here, that the Hearing Officer failed to make a diligent effort to secure the witness (*see generally Matter of Perez v Fischer*, 62 AD3d 1104, 1105 [2009]). We also reject petitioner's contention that he was prejudiced by inadequate employee assistance. Petitioner signed a document indicating that he was satisfied with his assistance and the Hearing Officer remedied any deficiencies by providing petitioner with requested documents or stipulating that such documents contained the information that petitioner alleged (*see Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]). Finally, the record does not reveal any hearing officer bias but, rather, that the determination resulted from the evidence presented at the hearing, including the testimony of the correction officer who was assaulted and another who witnessed the incident (*see Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]; *Matter of Ortiz v Fischer*, 75 AD3d 1042, 1043 [2010]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.