■ In the Matter of INJAH TAFARI, Appellant, v DAVID A. ROCK, as Superintendent of Upstate Correctional Facility, Respondent. [918 NYS2d 747]—

Following a tier II disciplinary hearing, petitioner, a prison inmate, was found guilty of refusing a direct order after he ignored correction officers' orders to get dressed for a medical call-out. That determination was administratively affirmed after which petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we reject petitioner's contention that his rights were violated by the Hearing Officer's refusal to call a certain facility nurse practitioner as a witness, inasmuch as there was no evidence that the requested witness had direct knowledge of the incident (see Matter of Hernandez v Bezio, 73 AD3d 1406, 1407 [2010]; Matter of Pante v Goord, 73 AD3d 1394, 1395 [2010]). Notably, the nurse who was on duty at the time was called as a witness and corroborated the information contained in the misbehavior report. Nor do we agree with petitioner's contention that the Hearing Officer was biased, but rather find that the determination resulted from the evidence presented at the hearing (see Matter of Lamphear v Fischer, 76 AD3d 1166 [2010]; Matter of Hamilton v Bezio, 76 AD3d 1125, 1126 [2010]). We have examined petitioner's remaining contentions and find them to be without merit.

Spain, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs. ▪