■ In the Matter of DEMETRIUS WILLIAMS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [923 NYS2d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing direct orders, making threats, engaging in violent conduct and harassment after an incident in which he threw his identification card at a correction officer, became verbally abusive, threatened to assault the officer and then refused to return to his cube when ordered to do so. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. After the determination was upheld on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, supporting documentation and testimony of the officer involved in the incident and several confidential inmate witnesses provide substantial evidence to support the determination (*see Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d 1058, 1058-1059 [2011]; *Matter of Elliott v Fischer*, 73 AD3d 1366, 1366-1367 [2010]). Contrary to petitioner's contention, although the Hearing Officer did not interview the confidential informants personally, his inquiry of the correction officer who received the information was sufficient to confirm its veracity (*see Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d at 1059; *Matter of Mitchell v Bezio*, 69 AD3d 1281, 1281 [2010]). To the extent that the various reports contained slightly differing versions of the events that gave rise to the misbehavior report, and petitioner's inmate witnesses provided testimony to support his contrary version of events, this presented credibility issues to be resolved by the Hearing Officer (*see Matter of Piper v Bezio*, 81 AD3d 1049, 1050 [2011]; *Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d at 1059). Finally, our review reveals that the determination of guilt was based upon the evidence presented at the hearing, rather than any alleged bias (*see Matter of Mitchell v Fischer*, 81 AD3d 1013, 1014 [2011]; *Matter of Anthony v Fischer*, 81 AD3d 1027, 1028 [2011]).

We have examined petitioner's remaining claims and find them to be either unpreserved or without merit.

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.