■ In the Matter of INJAH TAFARI, Petitioner, v DAVID ROCK, as Superintendent of Upstate Correctional Facility, Respondent. [925 NYS2d 922]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with refusing a direct order after he declined to accompany a correction officer sent to his cell to escort him on a medical trip. Petitioner was found guilty after a tier II disciplinary hearing and the determination was administratively affirmed. Petitioner then commenced this CPLR article 78 proceeding.

The determination should be annulled. The misbehavior report, upon which the Hearing Officer based his finding of guilt, states that the correction officer asked petitioner twice if he was going to go on his medical trip and petitioner answered that he was not. Given that petitioner was not given a directive by the officer, substantial evidence does not support the finding that he disobeyed a direct order (*see Matter of Jackson v Brown*, 49 AD3d 1092 [2008]; *Matter of Cliff v Vaughn*, 275 AD2d 871, 871-872 [2000]; *compare Matter of Tafari v Rock*, 82 AD3d 1441 [2011], *lv denied* 17 NY3d 702 [2011]).

We have examined the parties' remaining contentions and find them without merit.

Mercure, J.P., Rose, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.