██ In the Matter of BENJAMIN SMALLS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [932 NYS2d 589]—

After a correction officer witnessed petitioner, a prison inmate, carrying a cup of what appeared to be collard greens back to his cell, the officer inquired whether the contents were on the kosher menu and petitioner replied affirmatively. After discovering that the greens were not on the kosher menu, the officer issued petitioner a misbehavior report charging him with making a false statement and violating mess hall policies. Petitioner was found guilty following a tier II disciplinary proceeding and that determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the testimony from the correction officer who authored the report, provide substantial evidence to support the determination of guilt (see Matter of Vaello v Connolly, 84 AD3d 1624, 1625 [2011], appeal dismissed 17 NY3d 854 [2011]; Matter of Lau v Artus, 81 AD3d 1024, 1025 [2011]). Petitioner's claim that the cup merely contained cabbage and hot water presented a credibility determination to be made by the Hearing Officer (see Matter of Cody v Fischer, 84 AD3d 1651, 1651 [2011]; Matter of Jackson v Prack, 84 AD3d 1660, 1660 [2011]). Contrary to petitioner's conten-

tion, the Hearing Officer did not err in denying several of his requested witnesses, inasmuch as those witness were not present and therefore had no direct knowledge regarding the incident (*see Matter of Tafari v Rock*, 82 AD3d 1441, 1442 [2011], *lv denied* 17 NY3d 702 [2011]; *Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Peters, J.P., Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.