■ In the Matter of PHILLIP CRENSHAW, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [932 NYS2d 912]—

Petitioner, a prison inmate, was observed by a correction officer engaging in a fight with another inmate in the prison yard and ignored direct orders to stop fighting until a warning shot was fired by another officer in a watch tower. As a result, petitioner was charged in a misbehavior report with violent conduct, fighting, creating a disturbance and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of those charges and that determination was af-

firmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the authoring correction officer and incident reports provide substantial evidence to support the determination of guilt (*see Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d 1058, 1059 [2011]; *Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]). Inconsistencies in the testimony and petitioner's protestations of innocence raised questions of credibility that were within the province of the Hearing Officer to resolve (*see Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d at 1059; *Matter of Perez v Fischer*, 69 AD3d 1279, 1279-1280 [2010]).

We also reject petitioner's contention that he was improperly denied his right to call certain witnesses, inasmuch as those witnesses were not present during the incident and, therefore, had no direct knowledge (*see Matter of Tafari v Rock*, 82 AD3d 1441, 1442 [2011], *lv denied* 17 NY3d 702 [2011]; *Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]). Finally, we find that the determination of petitioner's guilt was the result of the evidence presented rather than any alleged hearing officer bias (*see Matter of Weems v Fischer*, 82 AD3d 1454, 1456 [2011]; *Matter of Mayo v Fischer*, 82 AD3d at 1422).

We have examined petitioner's remaining contentions and find them either unpreserved or without merit.

Peters, J.P., Spain, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.