■ In the Matter of KEVIN PEOPLES, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [942 NYS2d 676]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Cor-

rections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner ignored a correction officer's directive to come to him and entered the cell of another inmate where he proceeded to engage in a fist fight. The officer gave both inmates several orders to stop fighting to no avail. He then grabbed petitioner's right shoulder at which time petitioner struck him in the face and knocked off his glasses. Petitioner proceeded to stomp on the officer's foot and, upon returning to his cell, threw the officer's glasses to the floor. As a result of this incident, petitioner was charged in a misbehavior report with assaulting staff, fighting, engaging in violent conduct, refusing a direct order, interfering with an employee, destroying property and creating a disturbance. Following a tier III disciplinary hearing, he was found guilty of all of the charges except for creating a disturbance. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, related documentation and hearing testimony, including petitioner's admissions to certain misconduct, provide substantial evidence supporting the determination of guilt (*see Matter of Mance v Prack*, 89 AD3d 1363 [2011]; *Matter of Cole v New York State Dept. of Correctional Servs.*, 87 AD3d 1243, 1243 [2011]). Petitioner's assertions that the misbehavior report was fabricated and that he was assaulted by correction officers presented credibility issues for the Hearing Officer to resolve (*see Matter of Coleman v Fischer*, 87 AD3d 778, 779 [2011]; *Matter of Peoples v Selsky*, 33 AD3d 1179, 1180 [2006]). His remaining contentions have not been preserved for our review due to his failure to raise them at the hearing or in his administrative appeal.

Peters, P.J., Rose, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.