■ In the Matter of ALFRED DANCY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [953 NYS2d 404]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violent conduct, assault on staff and disobeying a direct order. According to the report, petitioner attacked a correction officer after being questioned about what he was playing with in his pocket. Petitioner allegedly punched the correction officer in the face and also punched a second correction officer who came over to help subdue him. Petitioner was found guilty of the charges following a tier III disciplinary hearing and, after the penalty was modified upon discretionary review, was thereafter affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The detailed misbehavior report, together with the hearing testimony from the involved correction officers and other documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Suero v Fischer*, 95

AD3d 1509 [2012]; *Matter of Peoples v Bezio*, 94 AD3d 1299, 1300 [2012]). Petitioner's challenge to the direct order charge are unpersuasive inasmuch as the reporting correction officer specifically testified at the hearing that he ordered petitioner to step to the side and tell him what was in his pocket and petitioner responded by attacking him (*compare Matter of Tafari v Rock*, 85 AD3d 1529 [2011]). His claim that the misbehavior report was not specific enough with respect to the direct order charge was not preserved by way of an appropriate objection at the hearing (*see Matter of Mays v Goord*, 285 AD2d 847, 848 [2001], *lv denied* 97 NY2d 603 [2001]). Furthermore, petitioner's claims that the correction officer attacked him presented a credibility issue for the Hearing Officer to resolve (*see Matter of Sealey v Bezio*, 95 AD3d 1577, 1578 [2012]).

Petitioner's remaining contentions, including his claims that he received inadequate employee assistance and the Hearing Officer was biased, have been examined and found to be similarly unpersuasive.

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.