In the Matter of AUREL SMITH, Petitioner, v DAVID ROCK, as Superintendent of Upstate Correctional Facility, Respondent. [969 NYS2d 590]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with fighting, violent conduct and creating a disturbance. The report relates that he was observed by a correction officer engaged in a physical altercation with his cellmate. Petitioner was found guilty of all charges following a tier II disciplinary hearing. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and hearing testimony, including petitioner's admission to participating in the fight, provide substantial evidence to support the determination of guilt (*see Matter of Peoples v Bezio*, 94 AD3d 1299, 1300 [2012]; *Matter of Cole v New York State Dept. of Correctional Servs.*, 87 AD3d 1243, 1243 [2011]). While petitioner testified that his cellmate was the aggressor and that he was acting in self-defense, such testimony created an issue of credibility that the Hearing Officer was entitled to resolve against petitioner (*see Matter of Bullock v Goord*, 289 AD2d 864, 865 [2001]).

Turning to petitioner's procedural challenges, he was not entitled to employee assistance in preparing his defense, notwithstanding his keeplock status (*see* 7 NYCRR 251-4.1 [a]; *Matter of Pettus v West*, 28 AD3d 907, 908 [2006]). Further, he has not shown that he suffered any prejudice as the result of the Hearing Officer's denial of his request for such assistance (*see Matter of Miller v Goord*, 2 AD3d 928, 929 [2003]). We also reject his contention that he was denied the right to call certain witnesses, including respondent, as the requested witnesses had

no direct knowledge about the incident (*see Matter of Crenshaw v Fischer*, 89 AD3d 1343, 1344 [2011]; *Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]). Finally, contrary to petitioner's claim, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Bunting v Fischer*, 98 AD3d 1154, 1154 [2012]; *Matter of Wright v Fischer*, 98 AD3d 759, 760 [2012]). Petitioner's remaining claims have been examined and found to be without merit.

Peters, P.J., Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.