■ In the Matter of JORGE MENA, Appellant, v COREY BEDARD, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [985 NYS2d 341]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered September 11, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with making threats, interfering with an employee, creating a disturbance, violating visiting room procedures and refusing to obey a direct order. According to the report, petitioner's wife got into a verbal altercation with a correction officer in the visitation room when the officer informed her that she would have to wait before she could be escorted out of the facility. Petitioner became involved and allegedly threatened the officer and refused to go back to his seat. Following a tier III disciplinary hearing, petitioner was found guilty as charged. After the penalty was modified upon discretionary review, the determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Contrary to petitioner's contention, we conclude that he was not improperly denied the right to call a witness at the hearing. Petitioner requested the testimony of a correction officer that his wife had spoken to on her way out of the facility after the incident had occurred. The requested witness, however, had no first-hand knowledge of the incident (*see Matter of Smith v Rock*, 108 AD3d 889, 889-890 [2013], *lv denied* 22 NY3d 854 [2013]; *Matter of Crenshaw v Fischer*, 89 AD3d 1343, 1344 [2011]) and, although petitioner argues that the witness could have supported a claim that the misbehavior report was written in retaliation for his wife's actions, his stated reasons for requesting the witness at the hearing bore no relevance to the charges against him or his retaliation claim (*see Matter of Stallone v Fischer*, 109 AD3d 1065, 1066 [2013]; *Matter of Ross v Blaine*, 267 AD2d 538, 539 [1999]). Accordingly, the Hearing Officer did not err in refusing to call the witness and Supreme Court properly dismissed the petition.

Peters, P.J., Stein, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.