*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 4, 2014                516705
_____

In the Matter of DARNELL
    CUMMINGS,
                        Petitioner,

         v                                  MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                        Respondent.
_____

Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                        _____


        Darnell Cummings, Alden, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                        _____


Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review two determinations of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, received three misbehavior
reports on April 25, 2012.  The first misbehavior report charged
petitioner with refusing a direct order, and the second
misbehavior report charged him with making threats, creating a
disturbance, refusing a direct order, interfering with an
employee, harassment and delaying the count.  These charges arose
out of an incident in which petitioner refused to knock on the

wall of the neighboring cell when asked to do so by a correction officer and his subsequent conduct and statements directed at the correction officer. Following a combined tier III hearing, petitioner was found guilty of all charges contained in the second misbehavior report, but not guilty of the single charge contained in the first misbehavior report. Upon administrative review, respondent upheld the determination.

The third misbehavior report charged petitioner with attempted assault on staff, violating frisk procedure, refusing a direct order and violent conduct. This misbehavior report stemmed from an incident that occurred when petitioner was being removed from his cell to be taken to the secure housing unit. Following a tier III hearing, petitioner was found guilty of all charges contained in this misbehavior report. Upon administrative appeal, respondent upheld the determination of guilt, but reduced the penalty. Petitioner thereafter commenced this proceeding challenging both determinations of respondent.

Preliminarily, we note that petitioner has specifically abandoned his argument that the respective determinations were not supported by substantial evidence. Turning to his procedural claims, we disagree with petitioner's contention that he was denied the right to call witnesses. In both hearings, petitioner requested the testimony of numerous witnesses. Ultimately, the respective Hearing Officers permitted relevant witnesses to testify and denied the testimony of those witnesses who were not present during the specific events giving rise to the misbehavior reports (see Matter of Hines v Prack, 109 AD3d 1031, 1032 [2013]; Matter of Moreno v Fischer, 100 AD3d 1167, 1168 [2012]). Nor are we persuaded that the determinations of guilt were the result of alleged hearing officer bias rather than the evidence presented (see Matter of Smith v Rock, 108 AD3d 889, 890 [2013], lv denied 22 NY3d 854 [2013]; Matter of Mayo v Fischer, 82 AD3d 1421, 1422 [2011], lv denied 17 NY3d 702 [2011]). Finally, with regard to the hearing conducted on the third misbehavior report, we reject petitioner's contention that he was improperly denied the final unusual incident report. Petitioner was provided with the preliminary report, the final report is substantially the same and neither version of the report contains information tending to exonerate petitioner. Thus, petitioner's ability to present his

defense was not prejudiced by the failure to provide him with the final unusual incident report (see Matter of Phelps v Fischer, 108 AD3d 1003, 1004 [2013], appeal dismissed 22 NY3d 1046 [2014]; Matter of Justice v Fischer, 67 AD3d 1286, 1286-1287 [2009], lv denied 14 NY3d 709 [2010]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.


ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court