■ In the Matter of DAMECHA HARRIS, Petitioner, v DEPUTY SUPERINTENDENT OF SECURITY PICCOLO, as Hearing Officer, et al., Respondents. [995 NYS2d 845]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Cor-

rections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

After petitioner was placed in a double bunk cell, he became agitated and told a correction sergeant to "get him out of his cell [or] he was going to inflict serious damage." Petitioner was charged in a misbehavior report with refusing to double bunk and making threats and, following a tier III disciplinary hearing, was found guilty as charged. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and testimony of the sergeant who authored it provide substantial evidence to support the determination of guilt (*see Matter of McFadden v Prack*, 120 AD3d 853, 854 [2014], *lv dismissed* 24 NY3d 930 [2014], *lv denied* 24 NY3d 908 [Oct. 23, 2014]; *Matter of Bridgeforth v Fischer*, 69 AD3d 1068, 1068-1069 [2010]). While petitioner and the employee witnesses at the hearing offered somewhat differing accounts of the incident, such created credibility issues for the Hearing Officer to resolve (*see Matter of Williams v Fischer*, 84 AD3d 1661, 1662 [2011], *lv denied* 17 NY3d 711 [2011]). The record does not demonstrate that the Hearing Officer was biased against petitioner or that the determination flowed from the purported bias (*see Matter of Bridgeforth v Fischer*, 69 AD3d at 1069).

Petitioner's remaining contentions, to the extent they are properly before us, have been examined and found to lack merit.

McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.