*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    518528
_____

In the Matter of DAMECHA
    HARRIS,
                    Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

DEPUTY SUPERINTENDENT OF
    SECURITY PICCOLO, as Hearing
    Officer, et al.,
                    Respondents.
_____

Calendar Date:  September 16, 2014

Before:  McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Damecha Harris, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        After petitioner was placed in a double bunk cell, he became agitated and told a correction sergeant to "get him out of his cell [or] he was going to inflict serious damage." Petitioner was charged in a misbehavior report with refusing to double bunk and making threats and, following a tier III disciplinary hearing, was found guilty as charged.  The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and testimony of the sergeant who authored it provide substantial evidence to support the determination of guilt (see Matter of McFadden v Prack, 120 AD3d 853, 854 [2014], lv dismissed 24 NY3d 930 [2014], lv denied ___ NY3d ___ [Oct. 23, 2014]; Matter of Bridgeforth v Fischer, 69 AD3d 1068, 1068-1069 [2010]). While petitioner and the employee witnesses at the hearing offered somewhat differing accounts of the incident, such created credibility issues for the Hearing Officer to resolve (see Matter of Williams v Fischer, 84 AD3d 1661, 1662 [2011], lv denied 17 NY3d 711 [2011]). The record does not demonstrate that the Hearing Officer was biased against petitioner or that the determination flowed from the purported bias (see Matter of Bridgeforth v Fischer, 69 AD3d at 1069).

Petitioner's remaining contentions, to the extent they are properly before us, have been examined and found to lack merit.

McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court