*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 28, 2016                    522109
_____

In the Matter of WILL MULLINS,
                    Petitioner,

        v

DONALD VENETTOZZI, as Acting             MEMORANDUM AND JUDGMENT
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Lahtinen, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Will Mullins, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, an inmate, was charged in a misbehavior report with fighting, violent conduct, creating a disturbance and refusing a direct order.  The charges stemmed from an incident in which petitioner engaged in a physical altercation with another inmate and ignored a correction officer's direct order to stop.  Following a tier III disciplinary hearing, petitioner was found guilty as charged.  The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and related documentation, together with the testimony of petitioner, provide substantial evidence supporting the determination of guilt (see Matter of Smith v Rock, 108 AD3d 889, 889 [2013], lv denied 22 NY3d 854 [2013]; Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [2012]).  Contrary to petitioner's contention, the delay in commencement of the hearing was authorized by a valid extension (see Matter of Castillo v Fischer, 120 AD3d 1493, 1493 [2014]; Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]).  Finally, in light of the circumstances presented, the penalty assessed is not so shocking to one's sense of fairness as to be excessive (see Matter of Jamison v State of N.Y. Dept. of Corr. Servs., 98 AD3d 1150, 1151 [2012]; Matter of Barnes v Prack, 92 AD3d 990, 991 [2012]).

Lahtinen, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court