Matter of Romero v Gonyea (2018 NY Slip Op 01689)





Matter of Romero v Gonyea


2018 NY Slip Op 01689


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525119

[*1]In the Matter of FELIX ROMERO, Petitioner,
v
PAUL M. GONYEA, as Superintendent of Mohawk Correctional Facility, et al., Respondents.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ.


Felix Romero, Batavia, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Mohawk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner and another inmate were observed punching each other with closed fists in the prison television room and ignored a correction officer's directive to stop. As a result of this incident, petitioner was charged in a misbehavior report with fighting, violent conduct and refusing a direct order. Following a tier II disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony of a correction officer who responded to the incident provide substantial evidence to support the determination of guilt (see Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]; Matter of Mullins v Venettozzi, 141 AD3d 1063, 1064 [2016]). Although petitioner relies upon the testimony of the correction officer who responded to the incident to establish that the incident did not occur as reported, the correction officer's testimony did not directly contradict the author of the misbehavior report (see generally Matter of Al-Matin v Brown, 86 AD3d 902, 902 [2011]). Moreover, any alleged inconsistencies in the evidence and testimony, along with petitioner's denial of involvement in [*2]the incident, presented credibility issues for the Hearing Officer to resolve (see Matter of Jones v Annucci, 156 AD3d 1093, 1094 [2017]; Matter of Campos v Prack, 143 AD3d 1020, 1021 [2016]). Contrary to petitioner's contention, the hearing record also establishes that the Hearing Officer considered the medical report that petitioner proffered to support his claim that he was not involved in the incident. Finally, a review of petitioner's administrative appeal reflects that respondent Superintendent of Mohawk Correctional Facility properly considered the evidence in rendering his determination (see Matter of Vigliotti v Duncan, 10 AD3d 776, 777 [2004], lv dismissed 4 NY3d 738 [2004]).
Petitioner's remaining contentions, including his claim that the hearing disposition sheet contained an incorrect date, are unpreserved for our review.
Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.