Matter of Buggsward v Rodriguez (2018 NY Slip Op 02855)





Matter of Buggsward v Rodriguez


2018 NY Slip Op 02855


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525342

[*1]In the Matter of LINDEL BUGGSWARD, Petitioner,
v
A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Lindel Buggsward, Malone, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of controlled substances. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78
proceeding to challenge the determination of guilt.
We confirm. The misbehavior report, the testimony of the correction officer who twice tested petitioner's urine sample and the positive urinalysis test results constitute substantial evidence to support the finding of guilt (see Matter of Blunt v Annucci, 155 AD3d 1226, 1226 [2017]; Matter of Shepherd v Annucci, 153 AD3d 1495, 1496 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]; Matter of Smith v Venettozzi, 145 AD3d 1277, 1277 [2016], lv denied 29 NY3d 910 [2017]). Petitioner's claim that a discrepancy exists with respect to the time that his specimen was removed from the refrigerator and tested is unavailing; the correction [*2]officer who tested petitioner's urine explained that he removed petitioner's sample from the refrigerator at 3:45 a.m. and placed the specimen on the testing apparatus at 4:31 a.m. — after performing the required calibration tests. Accordingly, we find no merit to petitioner's chain of custody argument (see Matter of Faraldo v Bezio, 93 AD3d 1007, 1008 [2012]; cf. Matter of Bouton v Annucci, 145 AD3d 1219, 1220 [2016]; Matter of Hall v Venettozzi, 98 AD3d 773, 773 [2012]).
To the extent that petitioner requested additional witnesses, his request was properly denied as there is no indication that the sought-after individuals had any direct knowledge of, were present at or otherwise were involved in petitioner's drug test (see Matter of Smith v Rock, 108 AD3d 889, 889-890 [2013], lv denied 22 NY3d 854 [2013]; Matter of Smalls v Fischer, 89 AD3d 1294, 1294-1295 [2011], lv denied 18 NY3d 811 [2012]). Further, inasmuch as the Hearing Officer explained on the record that any requested witnesses had to have been present at the time of the incident in order for their testimony to be deemed relevant, "the failure to provide petitioner with a written explanation of the denial does not require annulment" (Matter of Jackson v Annucci, 144 AD3d 1285, 1286 [2016], lv denied 29 NY3d 907 [2017]). Finally, upon reviewing the record, we find "no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Washington v Lee, 156 AD3d 1033, 1034 [2017]; see Matter of Watson v Gardner, 156 AD3d 1050, 1051 [2017]). Petitioner's remaining arguments, to the extent that they have been preserved for our review, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.