Matter of Santiago v Capra (2019 NY Slip Op 02345)





Matter of Santiago v Capra


2019 NY Slip Op 02345


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-04970
 (Index No. 574/15)

[*1]In the Matter of Roman Santiago, petitioner,
v
Michael Capra, etc., respondent.


Roman Santiago, Woodbourne, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark H. Shawhan of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Sing Sing Correctional Facility dated August 7, 2015. The determination affirmed a determination of a hearing officer dated July 31, 2015, made after a tier II disciplinary hearing, finding that the petitioner was guilty of violating Institutional Rules of Conduct rules 102.10, 107.10, 107.11, and 109.10 (7 NYCRR 270.2[B][3][i]; [8][i], [ii]; [10][i]), and imposing penalties.
ADJUDGED that the determination dated August 7, 2015, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
On July 31, 2015, following a tier II disciplinary hearing, a hearing officer determined that the petitioner violated various prison disciplinary rules. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination affirming the hearing officer's determination.
Since the petition did not raise a question of substantial evidence, the Supreme Court should not have transferred the proceeding to this Court (see CPLR 7804[g]; Matter of Leggio v Devine, 158 AD3d 803, 804). Nevertheless, we will decide the proceeding on the merits in the interest of judicial economy (see Matter of Almodovar v Griffin, 159 AD3d 694, 695; Matter of Leggio v Devine, 158 AD3d at 804).
Contrary to the petitioner's contention, he was not deprived of his due process rights to a fair and impartial hearing, nor was there evidence that his guilt and penalty were predetermined. " The record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer'" (Matter of Almodovar v Griffin, 159 AD3d at 695, quoting Matter of Phillips v Lee, 115 AD3d 957, 958; see Matter of Harris v Kaplin, 102 AD3d 692, 693). We agree with the hearing officer's denial of the petitioner's requests for the production of certain inmate tracking and log book entries maintained by prison personnel, and for the inspection of a "lock box" device used to open and close cell doors. These requests were irrelevant to the proceeding, as it was undisputed at the hearing that the petitioner's cell door had been opened at a time when he was not scheduled to exit due to an alleged [*2]equipment malfunction, and they had no bearing on the disciplinary charges that the petitioner left his cell without authorization and threatened and harassed a correction officer (see Matter of Jay v Fischer, 118 AD3d 1364, 1364; Matter of Berrios v Kuhlmann, 143 AD2d 475, 477). Likewise, we agree with the hearing officer's denial of the petitioner's requests to call certain witnesses, since either their proffered testimony would have been cumulative (see Matter of Baxton v Annucci, 142 AD3d 1235, 1236), or they were not present during the incident which gave rise to the charges and could not have provided relevant testimony (see Matter of Gren v Annucci, 119 AD3d 1307, 1308; Matter of Smith v Rock, 108 AD3d 889, 889-890; Matter of Crenshaw v Fischer, 89 AD3d 1343, 1344).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court